## Black Motor Co. v. Howard et al.

Feb. 10, 1942.

H. L. Bryant for appellant.

E. B. Wilson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. On the first appeal the judgment was reversed because the court failed to give an instruction offered by plaintiff submitting one of its theories of the case. Black Motor Company v. Howard, 277 Ky. 638, 126 S. W. (2d) 1092. On the second trial the jury again returned a verdict for the defendants, and the plaintiff appeals. The principal ground urged for reversal of the judgment is that the evidence is insufficient to sustain the verdict.

The facts are set forth at length in the opinion on the first appeal, and it is unnecessary to repeat them here. Some additional evidence was introduced at the second trial by both the plaintiff and the defendants, but it·was merely cumulative. On the first appeal it was held, in effect, that the evidence was sufficient to sustain the verdict, and, since the evidence on the second trial was substantially the same, the opinion on the former appeal is the law of the case; but, aside from that, we are compelled to hold that the evidence on the second trial is sufficient to sustain the verdict.

The pleadings and the proof raised clear cut issues; Did the defendants, Jake Howard and John J. Howard, or either of them, take over a truck which had been purchased by Nathaniel Bingham from the Black Motor Company on which he owed more than $500 in deferred payments, and did they, or either of them, agree to assume the payment of the balance due on the truck? An agent of plaintiff testified that the defendants had the truck in their possession and agreed to assume Bingham's contract and pay the deferred installments as they matured, and did, in fact, pay two or more installments of $39 each. He was corroborated to some extent by the records of the company and other proof. On the other hand, the defendants testified positively that they did not purchase the Bingham truck, never had possession of it, and never agreed to pay the deferred installments as they matured and made no payments to plaintiff on the Bingham truck, though they did make payments to it on other trucks purchased by them from the plaintiff on the deferred payment plan. There was proof tending to show that Bingham sold the truck to W. A. Green who sold it to Roy Powell who operated it until his death in February, 1936, and that Mrs. Powell then·operated it until it was destroyed in a wreck March 15, 1936.

It is not difficult to understand and appreciate appellant's dissatisfaction with the verdict. As heretofore stated, the testimony was in direct conflict. The finding of the jury depended solely on which set of witnesses it believed was telling the truth. It saw fit to believe the defendants and their witnesses, and since the jury is the final arbiter of the facts and the credibility of witnesses is a question for its determination alone, we are without authority to interfere. Appellant in its brief says that incompetent evidence was admitted, but none is pointed out, and our examination of the record discloses none that was prejudicial.

It is also insisted that the cross-examination of appellant's witnesses was improper, but we have read the record carefully and are unable to say that the cross-examination went beyond the bounds of propriety.

Judgment is affirmed.